# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR- 16-207-D |
| | ) |
| ANGEL JAVIER AMBRIZ-CHAIDEZ, | ) |
| a/k/a Joe, | ) |
| | ) |
| Defendant. | ) |

## **PRELIMINARY ORDER OF FORFEITURE**

Upon consideration of Plaintiff's Motion for a Preliminary Order of Forfeiture [Doc. No. 66], the Court finds:

As a result of Defendant's guilty plea to a one-count Superseding Information filed November 28, 2016, for which the Government sought forfeiture pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), Defendant Angel Javier Ambriz-Chaidez, a/k/a Joe, shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense, and any firearms involved in the commission of the offense, including but not limited to the following:

        a.      Approximately $1,415.60, more or less, in U.S. currency.

The Court has determined, based on Defendant's plea, that the property described above is subject to forfeiture pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), and that the Government has established the requisite nexus between such property and the offense.

Upon entry of this Order, the United States is authorized to seize the listed property in accordance with Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with 21 U.S.C. § 853(n) governing third party rights, including giving notice of this Order.

The United States shall publish on the Government's official Internet website, www.forfeiture.gov, in accordance with Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, of this Order and the United States' intent to dispose of the property in such a manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property. *See* 21 U.S.C. § 853(n)(1).

Any person, other than the above named Defendant, asserting a legal interest in the subject property may, within thirty days of receipt of notice, petition the Court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the subject

property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n)(2)-(6).

Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Defendant at sentencing – or before sentencing if Defendant consents – and the Court must include the forfeiture when orally announcing the sentence or must otherwise ensure that Defendant knows of the forfeiture at sentencing. The Court must also include the Forfeiture Order, directly or by reference, in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought. *See* 21 U.S.C. § 853(n)(3).

The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or, if none are asserted, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third party petitions. *See* 21 U.S.C. § 853(n)(7).

The Court shall retain jurisdiction to enforce and amend this Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this 8th day of February, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE